UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor<br>United States Department of Labor,<br><br>    Plaintiff,<br>v.<br><br>CALYPSO WATERJET SYSTEMS, INC.,<br>CALYPSO WATERJET SYSTEMS, INC. 401(k)<br>PROFIT SHARING PLAN AND TRUST,<br>DENIS LUFKIN, AND JOHNNIE HOWARD<br><br>    Defendants. | Civil Action No. 3:10-CV-02316-BK |

## CONSENT JUDGMENT & ORDER

This action was brought by Plaintiff, Secretary of Labor, United States Department of Labor, against Defendants Calypso Waterjet Systems, Inc., Calypso Waterjet Systems, Inc. 401(k) Profit Sharing Plan and Trust, Denis Lufkin, and Johnnie Howard, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., hereinafter referred to as ERISA. Defendants Calypso Waterjet Systems, Inc., Denis Lufkin, Johnnie Howard and the Plan having appeared through counsel, admit to the jurisdiction of the Court over them and over the subject matter of this action and, have agreed to the entry of judgment without contest.

It is therefore, upon joint motion and for good cause shown,

**ORDERED ADJUDGED AND DECREED** that:

1. Defendant Calypso Waterjet Systems, Inc., at all times herein mentioned, was a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), in that it had or exercised discretionary authority and responsibility with respect to Plan administration and management and exercised actual control over Plan assets.

2. Defendant Denis Lufkin, at all times herein mentioned, was a fiduciary to the Plan

within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), in that he had or exercised discretionary authority and responsibility with respect to Plan administration and management and exercised actual control over Plan assets.

3. Defendant Johnnie Howard, at all times herein mentioned, was a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), in that she had or exercised discretionary authority and responsibility with respect to Plan administration and management and exercised actual control over Plan assets.

4. Defendant Calypso Waterjet Systems, Inc. 401(k) Profit Sharing Plan and Trust ("Plan") is, and at all times hereafter mentioned was, an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). The Plan was established by, and at all times hereinafter mentioned, was maintained by Calypso Waterjet Systems, Inc., an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).

5. Beginning on January 1, 2007, and continuing through the present, Defendants Denis Lufkin, Johnnie Howard, and Calypso Waterjet Systems, Inc. failed to ensure that all employee contributions, loan repayments, and Plan assets were remitted to the Plan both timely and completely and failed to undertake efforts to pursue or protect the Plan's right to collect employee contributions and loan repayments owed to the Plan.

6. As a result, the Plan has sustained losses for which Defendants Denis Lufkin, Johnnie Howard, and Calypso Waterjet Systems, Inc. are liable as fiduciaries.

7. Total losses attributed to the named Defendants' breaches consist of principal losses of $45,105.28 and lost opportunity costs of $25,289.86 calculated through February 29, 2012, for a cumulative Plan loss of $70,395.14.

8. To redress the aforementioned Plan losses, the Defendants shall make restitution in the amount of $70,395.14 to the Plan.

9. To the extent any of the plan losses set out in paragraph 8 are due to Denis Lufkin and/or Johnnie Howard, Defendants may elect not to repay that amount to their own accounts via offset pursuant to ERISA §206(d)(4), 29 U.S.C. § 1056(d)(4), for the exclusive purpose of making restitution to the Plan. To the extent not specified in the Plan documents, the Plan is deemed amended to authorize offset.

10. Until the full amount of Plan losses are restored, Defendants Johnnie Howard and Denis Lufkin are prohibited from obtaining distributions from their own Plan account balances with the exception that the Defendants may seek offset of their respective account balances.

11. If Defendants elect to offset, Defendants will provide EBSA with a copy of an IRS Form 1099 regarding this distribution on or before December 31, of the year that the offset is made by mailing same to United States Department of Labor, Employee Benefits Security Administration, Attention Mary Prouty, 525 S. Griffin Street, Suite 900, Dallas, Texas 75202.

12. In reliance on the representations made by Defendants Calypso Waterjet Systems, Inc., Denis Lufkin, and Johnnie Howard in the documents provided by Defendants to the Secretary (including financial declarations and tax returns), which show that Defendants are currently unable to immediately pay the total restitution amount of $70,395.14 to the ERISA Plan, the Secretary agrees to forebear immediate collection of the total restitution amount.

13. In return for the Secretary's forbearance, Defendants Calypso Waterjet Systems, Inc., Denis Lufkin, and Johnnie Howard agree to make annual payments to the Plan by May 15, of each year, starting May 15, 2012, according to the following schedule, until such time as the restitution amount set forth in paragraph 8 above is paid in full (plus interest accruing after February 29, 2012, on the remaining unpaid balance as determined on the basis of the federal tax underpayment rate set forth at U.S.C. Section 6621(b)(2) and compounded daily):

    a)    10% of Denis Lufkin, Johnnie Howard and Calypso Waterjet Systems, Inc.'s reportable gross income[1] for the immediately preceding calendar year up to $50,000 per annum:

    b)    20% of Denis Lufkin, Johnnie Howard and Calypso Waterjet Systems, Inc.'s reportable gross income for the immediately preceding calendar year between $50,000 and $150,000 per annum:

    c)    30% of Denis Lufkin, Johnnie Howard and Calypso Waterjet Systems, Inc.'s reportable gross income for the immediately preceding calendar year between $150,000 and $250,000 per annum: and

    d)    50% of Denis Lufkin, Johnnie Howard and Calypso Waterjet Systems, Inc.'s reportable gross income for the immediately preceding calendar year over $250,000 per annum.

14. Within fifteen (15) calendar days from each payment made pursuant to paragraph 13, above, Defendants shall provide to the Secretary via first class mail proof of such payment in the form of cancelled checks, wire transfer receipts, or other indicia of actual payment to the United States Department of Labor, Employee Benefits Security Administration, Attention Mary Prouty, 525 S. Griffin Street, Suite 900, Dallas, Texas 75202.

15. Starting December 31, 2011, Defendants Calypso Waterjet Systems, Inc., Denis Lufkin, and Johnnie Howard shall submit an updated Affidavit of Financial Inability and supporting documentation by December 31, of each year in which this Consent Judgment & Order has not been paid in full to the following address: United States Department of Labor, Employee Benefits Security Administration, Attention Mary Prouty, 525 S. Griffin Street, Suite 900, Dallas, Texas 75202. The Affidavits shall be in the same form as those previously submitted by Johnnie Howard and Denis Lufkin to the Solicitor and signed September 9, 2011.

16. Defendants Denis Lufkin and Johnnie Howard will notify EBSA in writing at the address in paragraph 15 within seven (7) days of the following changes: name; residence;

---

[1] For purposes of paragraph 13, "reportable gross income" shall be defined as the "total income" (for example, IRS Form 1040, line 22) reported on Denis Lufkin, Johnnie Howard and Calypso Waterjet Systems, Inc.'s federal income tax return filings less (1) the amount that Defendants could lawfully deduct from their income as a standard deduction (for example, IRS Form 1040, line 40), regardless of whether Defendants elect to itemize deductions, and (2) the amount that Defendants deduct from Defendants' income in exemptions for himself, his spouse, and his dependents (for example, IRS Form 1040, line 42). However for purpose of this calculation, Defendants shall be limited to four (4) exemptions.

telephone number; mailing address; employment; receipt of bequests, gifts, and/or life insurance proceeds over $2,000; filing for personal bankruptcy; and receipt of lottery and gambling winnings in excess of $2,000, until the amounts recited in this Judgment are paid.

17. In the event of a breach of any term of this Consent Judgment & Order by Defendants Calypso Waterjet Systems, Inc., Denis Lufkin, and Johnnie Howard, the total balance remaining unpaid shall then become due and payable and interest shall be assessed against such remaining unpaid balance at the rate provided by 28 U.S.C. Sec. 1961 from February 28, 2012, forward until the total amount is paid in full. Plaintiff shall provide notice of such breach to Defendants' undersigned attorney not less than thirty days prior to seeking enforcement of the terms of this Consent Judgment & Order as a result of any such breach, and Defendants shall have an opportunity to cure such breach within 30 days of the date of Plaintiff's written notice.

18. Once the Plan losses are restored, Defendants shall work with ING Financial Services and/or its successors to terminate the Plan and authorize account distributions or rollovers.

19. To redress the fiduciary breaches that occasioned the aforementioned Plan losses, it is further **ORDERED, ADJUDGED, AND DECREED** that:

A. Defendants Denis Lufkin, Johnnie Howard, and Calypso Waterjet Systems, Inc., their agents, servants, employees and all persons in active concert or participation with them be and hereby are permanently enjoined and restrained from violating the Title I of ERISA;

B. All expenses associated with the administration and termination of the Plan shall be paid by the Defendants; and

C. Upon entry of this Consent Judgment & Order by the Court, Defendants Denis Lufkin, Johnnie Howard, and Calypso Waterjet Systems, Inc. are hereby permanently enjoined and restrained from acting as fiduciaries, trustees, agents or representatives in any capacity to

any other ERISA-covered employee benefit plan.

Additionally, it is ORDERED, ADJUDGED, AND DECREED that:

20. Within 30 days of the entry of this Consent Judgment & Order by the Court, Defendants shall prepare and record a Security Agreement in accordance with applicable law in favor of the Plan on the following three pieces of property: a) 4807 Cannon Crescent, Pender Island, BC Canada (Lot A, VIP0679 Sec 8); b) a lathe as referenced in the Affidavits of Johnnie Howard and Denis Lufkin signed September 9, 2011; and c) 1989 Catalina Sailboat to secure Defendants Calypso Waterjet Systems, Inc., Denis Lufkin, and Johnnie Howard's indebtedness to the Plan. Within fifteen days after the Security Agreements are recorded, Defendants shall provide a file stamped copy to Plaintiff's counsel. If Defendants fails to timely prepare, record or provide a copy of the file stamped Security Agreements, then the entire sum of money due under this Consent Judgment & Order shall immediately become due and payable. If any of the above three pieces of property are sold, Defendants shall provide EBSA five days advance written notice prior to the sale at United States Department of Labor, Employee Benefits Security Administration, Attention Mary Prouty, 525 S. Griffin Street, Suite 900, Dallas, Texas 75202.

21. Additionally, it is **ORDERED, ADJUDGED, AND DECREED** that:

This Consent Judgment resolves all claims of Plaintiff's Complaint with respect to Defendants Denis Lufkin, Johnnie Howard, Calypso Waterjet Systems, Inc. and the Plan with the following exceptions:

A. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor;

B. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502(l) of the Act and which are not deemed to be a debt to the Plan; and

C. This Court retains jurisdiction for purposes of enforcing compliance with the

6

terms of this *Consent Judgment and Order*.

22. Each party shall bear its own cost and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.



23. No Plan assets will be used to pay the attorneys fees, costs, and other litigation expenses incurred by any of the Defendants in this action.

Dated this 6th day of ~~October~~ December, 2011.

_____
UNITED STATES DISTRICT JUDGE
MAGISTRATE

The parties approve the Consent Judgment and Order as to form and substance:

**For Defendant:**

By:

_____
DENIS LUFKIN
Individually and on behalf of
Calypso Waterjet Systems, Inc.

_____
JOHNNIE HOWARD
Individually and on behalf of
Calypso Waterjet Systems, Inc. 401(k)
Profit Sharing Plan and Trust

_____
TIMOTHY VAUGHAN
Texas Bar No. 20525300
Attorney

Hallett & Perrin, P.C.
2001 Bryan Street Suite 3900
Dallas, Texas 75201

Telephone: 214.922.4167
Fax: 214.922.4193

Attorney for Defendants.

Signed this 24th day of October, 2011.

**For Plaintiff:**

M. PATRICA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

ROBERT A. GOLDBERG
Counsel for ERISA
By:

_____
DOLORES G. WOLFE
Trial Attorney-in-Charge
TX Bar No. 00794323
Email: wolfe.dolores@dol.gov

United States Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Telephone: 972/850-3129
Fax: 972/850-3101

Attorneys for Plaintiff

Signed this 31st day of October, 2011.

8